# COURT OF APPEALS
## DECISION
## DATED AND FILED

## August 10, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP162-CR**

Cir. Ct. No. **2018CT495**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

MICHAEL JUSTIN SCHWERSINSKE, JR.,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Fond du Lac County: PAUL G. CZISNY, Judge. *Affirmed.*

¶1   NEUBAUER, J.[1]   Michael Justin Schwersinske, Jr. appeals from a judgment of conviction for operating a motor vehicle with a prohibited alcohol

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

concentration, contrary to WIS. STAT. § 346.63(1)(b), second offense. On appeal, Schwersinske challenges the circuit court's denial of his motion to suppress, arguing that the officer who stopped him lacked reasonable suspicion to prolong his detention for the purpose of conducting field sobriety tests. For the reasons that follow, we reject Schwersinske's argument and affirm the conviction.

## BACKROUND

¶2 On November 10, 2018, at approximately 2:30 a.m., Schwersinske was stopped by Deputy Zachary Bohlman of the Fond du Lac County Sheriff's Office after the officer witnessed the vehicle cross from the southbound lane completely over the center line into the northbound lane on U.S. 151. Bohlman approached the vehicle and observed that there were two passengers in the vehicle along with Schwersinske. When the passenger window was rolled down, Bohlman noted that there was an odor of intoxicants emanating from the vehicle. When Bohlman asked Schwersinske where he was coming from, he responded that he was coming from a tavern called Three Sheets. Upon questioning, Schwersinske admitted to the officer that he had "2 to 3 beers."

¶3 Bohlman directed Schwersinske to exit his vehicle. Bohlman testified that at that point, he observed that Schwersinske "had glassy eyes and, separated from the passengers, [he] could still smell [an] odor of intoxicants coming from [Schwersinske]." Bohlman then asked to administer field sobriety tests to Schwersinske, to which Schwersinske agreed. Bohlman administered three tests; Schwersinske showed multiple signs of impairment on each of them. After the tests, Bohlman arrested Schwersinske for operating a motor vehicle while intoxicated.

¶4    Schwersinske was charged with operating a motor while under the influence of an intoxicant, contrary to WIS. STAT. § 346.63(1)(a), second offense, and operating a motor vehicle with a prohibited alcohol concentration, contrary to WIS. STAT. § 346.63(1)(b), second offense. Schwersinske filed a motion to suppress evidence obtained during the stop arguing that it was obtained in violation of the Fourth Amendment and article I, section 11 of the Wisconsin Constitution, which the circuit court denied after an evidentiary hearing, additional briefing, and oral argument.[2] The court noted Schwersinske was not challenging the basis for the initial stop, but instead challenged whether Bohlman had reasonable suspicion to extend the stop to perform field sobriety tests. The court concluded that Bohlman's observations were sufficient to allow him to conduct field sobriety tests. Schwersinske subsequently pled no contest operating a motor vehicle with a prohibited alcohol concentration, contrary to § 346.63(1)(b), second offense.[3]

¶5    Schwersinske appeals.[4]

**DISCUSSION**

¶6    Whether evidence must be suppressed because it was obtained in violation of the Fourth Amendment is a question of constitutional fact. *State v. Smith*, 2018 WI 2, ¶9, 379 Wis. 2d 86, 905 N.W.2d 353. The circuit court's findings of fact are upheld unless clearly erroneous, but we review de novo the

---

[2] The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. *See* U.S. CONST. amend. IV. The same protection is provided by article I, section 11 of the Wisconsin Constitution. WIS. CONST. art. I, § 11.

[3] The operating while intoxicated charge was dismissed.

[4] In the circuit court, Schwersinske also challenged the manner in which Bohlman performed the field sobriety testing, but he does not raise that argument on appeal.

application of constitutional principles to those facts. *State v. Dumstrey*, 2015 WI App 5, ¶7, 359 Wis. 2d 624, 859 N.W.2d 138, *aff'd,* 2016 WI 3, 366 Wis. 2d 64, 873 N.W.2d 502. "A finding of fact is clearly erroneous if it is against the great weight and clear preponderance of the evidence." *State v. Anderson,* 2019 WI 97, ¶20, 389 Wis. 2d 106, 935 N.W.2d 285.

¶7      As in the circuit court, Schwersinske does not challenge the basis for the initial stop. Instead, he argues that the officer lacked sufficient cause to extend the stop under the Fourth Amendment and Wisconsin Constitution. Temporary detention during a traffic stop is a seizure and, therefore, must conform to the constitutional requirement of reasonableness. *State v. Popke*, 2009 WI 37, ¶11, 317 Wis. 2d 118, 765 N.W.2d 569. A law enforcement "officer may stop a vehicle when he or she reasonably believes the driver is violating[, or has violated,] a traffic law." *State v. Hogan*, 2015 WI 76, ¶34, 364 Wis. 2d 167, 868 N.W.2d 124 (citation omitted). The officer may extend the stop if he or she "becomes aware of additional suspicious factors which are sufficient to give rise to an articulable suspicion that the person has committed or is committing an offense or offenses separate" from the violation that prompted the officer's initial investigation. *State v. Colstad*, 2003 WI App 25, ¶19, 260 Wis. 2d 406, 659 N.W.2d 394 (quoting *State v. Betow*, 226 Wis. 2d 90, 94-95, 593 N.W.2d 499 (Ct. App. 1999)). An extended inquiry must be supported by reasonable suspicion. *Hogan*, 364 Wis. 2d 167, ¶35.

¶8      Reasonable suspicion is "a suspicion grounded in specific, articulable facts and reasonable inferences from those facts, that the individual has committed [or was committing or is about to commit] a crime." *State v. Waldner*, 206 Wis. 2d 51, 56, 556 N.W.2d 681 (1996) (alteration in original; citation omitted). Reasonable suspicion is a "common sense test" that asks: Under the

totality of the circumstances presented, "what would a reasonable police officer reasonably suspect in light of his or her training and experience[?]" *Colstad*, 260 Wis. 2d 406, ¶8 (citation omitted); *see also Hogan*, 364 Wis. 2d 167, ¶¶36-37. "[S]uspicious conduct by its very nature is ambiguous, and the [principal] function of the investigative stop is to quickly resolve that ambiguity." *State v. Anderson*, 155 Wis. 2d 77, 84, 454 N.W.2d 763 (1990). Reasonable suspicion is "a low bar." *State v. Nimmer*, 2022 WI 47, ¶25, ___ Wis. 2d ___, 975 N.W.2d 598 (citation omitted). "[T]he level of suspicion the standard requires is considerably less than proof of wrongdoing by a preponderance of the evidence, and obviously less than is necessary for probable cause[.]" *Id.* (alteration in original; citation omitted).

¶9 Schwersinske argues that Bohlman's decision to extend the traffic stop was not supported by reasonable suspicion; as a result, he argues, the prolonged stop became an unlawful seizure. However, when the totality of the facts present at the scene are considered, we conclude that those facts amount to reasonable suspicion that Schwersinske was operating under the influence. *See State v. Lange*, 2009 WI 49, ¶23, 317 Wis. 2d 383, 766 N.W.2d 551 (a court considers whether "the totality of circumstances within [the officer's] knowledge at the time of the arrest would lead a reasonable police officer to believe ... that the defendant was [driving] under the influence of an intoxicant").

¶10 In its decision, the circuit court identified several articulable facts which, in its view, established reasonable suspicion: (1) Schwersinske operated his vehicle on the "wrong side of the road"; (2) Schwersinske admitted to the officer that "he had about 2 to 3 beers" and had been at a bar; and (3) "there was an odor of intoxicants coming from the vehicle." Schwersinske does not argue that any of these findings was clearly erroneous.

5

¶11     Moreover, Bohlman also testified that he stopped Schwersinske at approximately 2:30 a.m., which supports "a stronger inference that a higher percentage of people driving are intoxicated." *See* **State v. Gonzalez,** No. 2013AP2585-CR, unpublished slip op. ¶16 (WI App May 8, 2014)[5]; *see also* **Lange**, 317 Wis. 2d 383, ¶32.  The officer also noted additional facts after he asked Schwersinske to exit the vehicle, namely, glassy eyes and the odor of intoxicants coming from Schwersinske.  Taken together, these facts provided reasonable suspicion to extend the stop to perform the field sobriety tests.

¶12     Schwersinske's arguments to the contrary are not persuasive.  First, he highlights signs of impairment that Bohlman did *not* observe, such as slurred speech, problems with coordination or mentation, an uncooperative attitude, a delayed response to the officer's signal, or parking improperly.  Schwersinske is correct that the record is devoid of evidence suggesting these factors were present.  But the absence of these factors does not eliminate or diminish the significance of the factors Bohlman did observe and the reasonable inferences therefrom.  Those factors and inferences provided reasonable suspicion to suggest that Schwersinske was driving while under the influence "to a degree which render[ed] him … incapable of safely driving."  WIS. STAT. § 346.63(1)(a).

¶13     Next, Schwersinske suggests that only the officer's *additional* observations after the stop for the observed traffic violation and before the officer asked Schwersinske to exit the vehicle, namely, the odor of intoxicants and admission to drinking, can be considered in the analysis.  He then challenges

---

[5] One-judge opinions are not precedent, but may be cited for persuasive value.  WIS. STAT. RULE 809.23(3)(b).

6

reliance on these two additional facts and the reasonableness of inferences Bohlman drew from them. He argues that his admission to having consumed two to three beers and the odor of intoxicants coming from the vehicle are not sufficient to support reasonable suspicion because not every person who has consumed alcohol is under the influence.

¶14 These arguments misapprehend the nature of our inquiry. First, the analysis of reasonable suspicion to extend the stop does *not* require exclusion of the facts supporting the initial stop—here, driving on the wrong side of the road. Clearly, the highly unusual and extremely dangerous driving violation combined with the evidence of drinking supported the reasonable inference that Schwersinske was under the influence.

¶15 Second, the officer's request that Schwersinske exit the vehicle did not unreasonably delay the stop, as police officers may order a driver out of the vehicle incident to a valid stop for a traffic violation. *See State v. Floyd*, 2017 WI 78, ¶24, 377 Wis. 2d 394, 898 N.W.2d 560; *State v. Wright*, 2019 WI 45, ¶25, 386 Wis. 2d 495, 926 N.W.2d 157 (in every traffic stop, the police may ask the driver and any other vehicle occupants to exit the vehicle). Thus, the facts observed by the officer after he asked Schwersinske to exit the vehicle—glassy eyes and an odor of intoxicants—are part and parcel of the reasonable suspicion analysis supporting the officer's request to perform field sobriety tests.

¶16 Third, our role is not to pick apart the factors an officer relies on one-by-one and examine whether they *individually* support a finding of reasonable suspicion, but rather to focus on "the whole picture viewed together." *Nimmer*, ___ Wis. 2d ___, ¶24, 975 N.W.2d 598 (citation omitted). Nor are officers obliged to disregard a reasonable inference drawn from one factor merely because

another, innocent inference is available. *See Anderson*, 155 Wis. 2d at 84 ("if any reasonable inference of wrongful conduct can be objectively discerned, notwithstanding the existence of other innocent inferences that could be drawn, the officers have the right to temporarily detain the individual for the purpose of inquiry."). We are to consider the totality of the circumstances known to the officer and determine what he or she would "reasonably suspect in light of his or her training and experience." *Colstad*, 260 Wis. 2d 406, ¶8 (citation omitted).

¶17 Here, the officer stopped Schwersinske at a time of night in which impaired driving is known to be more likely to occur, observed him driving on the wrong side of the road, heard him admit that he had consumed two to three beers at a bar he was driving from, observed glassy eyes, and smelled the odor of intoxicants coming from him. These circumstances, viewed in their totality, provided grounds for the officer to reasonably suspect that Schwersinske was driving while impaired and materially distinguish the present case from the cases upon which Schwersinske principally relies. *See Gonzalez*, No. 2013AP2585-CR, ¶¶14, 16-17 (holding that officer lacked reasonable suspicion to extend traffic stop where only factor suggesting driver was impaired was odor of intoxicants, defendant "did not admit to consuming any alcoholic beverages," stop took place before midnight, and officer observed "no physical indicators of intoxication" or evidence of impairment from defendant's driving before stop); *County of Sauk v. Leon*, No. 2010AP1593, unpublished slip op. ¶¶18, 21, 25-26 (WI App Nov. 24, 2010) (holding that officer lacked reasonable suspicion to detain defendant to perform field sobriety tests where officer "was not aware of any driving behavior … indicative of impaired driving," defendant consistently acknowledged having consumed one beer on evening of stop, stop occurred before midnight, and defendant did not display physical signs of impairment).

## CONCLUSION

¶18    Based on the totality of the circumstances, we conclude that the officer had the requisite reasonable suspicion to extend the stop of Schwersinske to administer field sobriety tests. We therefore uphold the circuit court's denial of Schwersinske's motion to suppress and affirm the judgment.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.